IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41813-TLS |
| | ) | |
| JAMES DANIEL SCHILKE, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on January 12, 2011, on Debtor's motion for Chapter 12 discharge (Fil. #107) and an objection by the United States of America/Internal Revenue Service ("IRS") (Fil. #109). James R. Nisley appeared for Debtor, Laurie Barrett appeared for the IRS, and James A. Overcash appeared as the Chapter 12 trustee.

Debtor believes that he has completed all payments under his confirmed Chapter 12 plan and is entitled to entry of an order of discharge pursuant to 11 U.S.C. § 1228(a). The trustee has filed his consent to discharge (Fil. #111). However, the IRS objects, asserting that certain payments required by the plan have not been made. This dispute involves interpretation of the language of the confirmed Chapter 12 plan and certain attachments thereto.

For purposes of this dispute, the main body of the confirmed plan contains two relevant provisions:

> CLASS IV: UNSECURED OR UNDERSECURED CLAIMS: Unsecured claims shall be paid from the Debtor's disposable income during the Plan term. No claim shall be paid unless Proof of Claim is lawfully filed herein.
> . . .
> 5.     A Plan Summary indicating the dates, amounts and payees of amounts to be paid under the plan is marked Exhibit "E", and attached hereto.

Exhibit E attached to the plan is titled "SUMMARY OF PLAN FORM," and it identifies the case number and Debtor's name at the top of the page, and then contains several numbered paragraphs, two of which are important for this analysis. Paragraph "1" states "Unsecured creditors to be paid out of Net Disposable Income by the Trustee." It then goes on to list all unsecured creditors and their total claim amount. The IRS is listed at $55,000.00 in this section despite the fact that a few weeks earlier the IRS filed its proof of claim for over $100,000.00. Notably, this paragraph does not mention any "estimated" distributions or any "projections." It is simply a listing of claimants and the claim amounts.

Paragraph 4 of Exhibit E provides:

> 4.     Unsecured creditors to be paid specific amounts under the plan. The Debtor shall pay on or before DECEMBER 31, 2007 the sum of $5,987.14 to [be] applied on filed unsecured claims as follows. The Debtor shall make a $5,987.14

      annual payment on or before DECEMBER 31, 2008 and . . . 2009 which payments total $17,961.42 during the three year term of this Plan.

That section of the plan summary goes on to list in separate columns the "NAME," "AMOUNT TO BE PAID," and "DATE OF PAYMENTS" for each of the unsecured creditors, including the IRS. This listing indicates that the IRS is to receive $2,591.40 annually.

      As it turned out, Debtor never made any payments to unsecured creditors because he had no disposable income. All the money paid by Debtor into his plan was used to pay priority and secured claims. Debtor, with the concurrence of the trustee, argues that the specific language in the plan itself regarding the treatment of Class IV claims controls over any potentially conflicting language that may appear in the plan summary. I disagree.

      In this case, the plan summary attached as Exhibit E is part of the plan itself. It is incorporated by reference at paragraph 5 of the plan. The mere fact that language regarding the treatment of "Class IV" claims appears on one page while specific treatment of unsecured claims appears on another page (in Exhibit E) does not require deference to one page over another. The basic problem is that the plan is internally inconsistent. On the one hand, it states that unsecured claims will be paid from Debtor's disposable income. In practice (though it does not specifically state this in the plan), this means that *if* Debtor has net disposable income, *then* unsecured creditors will share pro rata in that net disposable income. On the other hand, paragraph 4 of Exhibit E very clearly states that unsecured creditors will be paid specific amounts under the plan and then identifies those specific amounts for each creditor. Nowhere in the plan (including Exhibit E) is there any indication that the numbers appearing in paragraph 4 are just projections or estimates that are dependent upon whatever Debtor's actual disposable income may be. That qualification or limitation simply cannot be inferred from the plan language.

      Accordingly, I find that the only reasonable construction of the language of this plan, taken as a whole, is that Debtor will pay the unsecured creditors the specific dollar amounts listed in paragraph 4 of Exhibit E to the plan. The source of that funding is identified as Debtor's disposable income but, in any event, the creditors must be paid the specified amounts before Debtor can be discharged.

      IT IS, THEREFORE, ORDERED that the motion for Chapter 12 discharge (Fil. #107) is denied.

      DATED: January 14, 2011.

                                    BY THE COURT:

                                    /s/ Thomas L. Saladino
                                    Chief Judge

Notice given by the Court to:
    *James R. Nisley
    Laurie Barrett
    James A. Overcash
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.